“This case comes before the court on the parties’ cross motions for summary judgment and involves a Wunderlich Act review of a decision rendered by the Armed Services Board of Contract Appeals. Plaintiff entered into a contract with the Government for construction of a remote transmitter and receiver facility at the Naval Air Station, Chase Field, Bee-ville, Texas. Included among the features to be installed under the contract was a communications duct system, and a dispute between the parties arose regarding the type of conduit required by the specifications. The facts are not in dispute, and the only issue is the proper interpretation of the specifications, which presents a question of law.
“Although the Board’s decision on the legal question is not binding on the court under 41 U.S.C. § 322, the court has, after reviewing the Board’s decision and the motions and briefs of the parties, concluded that the specifications were not defective; that the contractor was not required to do work in excess of the requirements of the specifications and that the Board’s decision is correct as -a matter of law. We reach this conclusion in following the well established rule that the intention of the parties is to be gathered from the whole instrument and that an 'interpretation which gives a reasonable meaning to all parts of the contract would be preferred to one which leaves a portion of it useless, inexplicable or inoperative. See Hol-Gar Mfg. Corp. v. United States, 169 Ct. Cl. 384, 351 F. 2d 972 (1965) and Abe L. Greenberg Co. v. United States, 156 Ct. Cl. 434, 300 F. 2d 443 (1962).
*582 “it is therefore ordered, that defendant’s motion for summary judgment is granted, plaintiff’s cross-motion for summary judgment is denied and the petition is dismissed.”